**LOCAL DIVISION 1509, AMALGAMATED ASSOCIATION OF STREET, ELECTRIC RAILWAY AND MOTOR COACH EMPLOYEES**

v.

**EASTERN MASSACHUSETTS STREET RAILWAY COMPANY.**

Civ. A. No. 58–153.

United States District Court
D. Massachusetts.
April 30, 1958.

Francis J. Ulman, Boston, Mass., I. J. Gromfine, Washington, D. C., for plaintiff.

Charles W. Mulcahy, Charles W. Mulcahy, Jr., Boston, for defendant.

ALDRICH, District Judge.

This is an action by a labor union to compel specific performance of an arbitration clause in a collective bargaining agreement with the defendant. In 1956 the defendant contracted out the fare box repair work on its buses, which work had previously been performed by members of the plaintiff employed in defendant's shop. The classification of the fare box work has been at all material times covered by the collective bargaining agreement. The plaintiff duly protested, and demanded arbitration, which demand was refused. The agreement provided for arbitration, "should any difference arise between the [parties] as to the true intent and meaning of any provision of this agreement which cannot be mutually adjusted."

1. In the Articles of Agreement (1950–51), hereinafter called the Articles, there was a clause as follows:

"17–(23) The Company shall repair and maintain, insofar as practicable, all buses it may operate by its mechanical and miscellaneous employees, in the same general manner as in the case of street cars."

The first question before me is whether that clause remained after the Articles were extended by an agreement dated December 14, 1953. This agreement continued the Articles in force with certain modifications, the only one here pertinent being,

"(f) The provisions of the present agreement regarding the continuation of conditions as they existed under street car operation shall be eliminated."

Defendant says that this section eliminated § 17–(23). Plaintiff disputes this. Unless plaintiff is clearly wrong, there is an arbitrable issue. I think it is not.

In January, 1954, I find the defendant submitted an over-all, or basic proposal, intended to cover a number of organizations, including plaintiff. It suggested as to § 17–(23) eliminating the last clause, ("in the same general manner as in the case of street cars."), and substituting the words "as heretofore." It also proposed amending § 5–(8) by eliminating the first clause, ("Hours and working conditions shall be the same as on street cars, and").[1] At this time defendant operated no street cars, but only buses. The January proposal was never executed.

I do not take the January proposal as indicating of itself that § 17–(23) had not been affected by § (f) of the 1953 agreement, or had been affected only to the extent proposed. On the other hand, quite apart from this proposal, I believe it arguable that § (f) related only to § 5–(8) of the Articles, the only provision therein expressly mentioning street car "conditions." The language of the proposal illustrates this conceivable ambiguity. I conclude that there is an arbitrable question of whether § 17–(23) remains in force.

2. If it should be found that § 17–(23) remains in effect, it would then seem to me that there would be a second

---

1. The rest of § 5–(8) was as follows: "operators shall have the right to pick the bus list at each change of the list according to seniority. Employee's rating will start at the hour that he is hired by the Manager or department head, who shall advise the Local Union by letter showing the hour and date of employment."

arbitrable issue, namely whether this section was what might loosely be called a continuance-of-work agreement.

■■■ 3. Apart from the above I agree with defendant. I hold that the union recognition clause and the classification clause do not even raise an arbitrable question as to the defendant's obligation not to contract out fare box work. Amalgamated Ass'n, etc. v. Greyhound Corp., 5 Cir., 231 F.2d 585, 57 A.L.R.2d 1394. The recognition clause is for a quite different purpose. So is the classification clause. It is common knowledge that classifications are commonly included in collective bargaining agreements whether a particular employer has employees in that classification or not. Sometimes it is in case it may have them in the future. Sometimes it is a historical continuance. I hold it merely a conditional clause, not imposing any affirmative obligation.[2]

■■■ Plaintiff refers to the recent opinion of Judge Wyzanski in New Bedford Defense Products, etc. v. Local No. 1113 of International Union, United Automobile, etc. Workers of America (UAW, AFL–CIO), D.C.D.Mass., 160 F. Supp. 103, where the court stated that the fact that under a possible interpretation of a clause in the agreement the evidence presented permitted only one finding, did not mean the alleged issue of fact was not arbitrable. I do not take that as holding that if only one interpretation of any particular clause is possible, the meaning of the clause is subject to arbitration. If a contract provision is entirely unambiguous, there can be no question of construction to arbitrate. The mere assertion that a question has arisen does not create one where it is plain on the face of the agreement that none can exist. Cf. Local No. 149, etc. v. General Electric Co., 1 Cir., 250 F.2d 922, certiorari denied 78 S.Ct. 780.

Nothing in this opinion, of course, is to be taken as indicating how I feel the arbitrators should decide questions 1 and 2.

Counsel to submit form of decree.

2. It is perhaps not without significance that counsel for plaintiff in oral argument inadvertently argued that this clause affected defendant "so long as it performs the work." While counsel cor-

rected himself to "so long as it has work to be done," I hold his first statement was the correct measure of defendant's obligation.